UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DEMOCRACY FORWARD FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, et al.,<br><br>Defendants. | Civil Action No. 25-4270 (TSC) |

## **<u>DEFENDANTS' MOTION TO STRIKE IN PART</u>**

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(f), Defendants the Department of Justice (the "Department") and the Federal Bureau of Investigation ("FBI") (collectively "Defendants"), by and through undersigned counsel, respectfully move to strike in part the Complaint (Compl., ECF No. 1) in this action as it contains an allegation that is immaterial to any claim for relief under the Freedom of Information Act ("FOIA"). Specifically, and as addressed more fully below, the Complaint contains a "Facts" section which is littered with allegations unrelated to a request for relief under FOIA. Paragraphs 11-29 of the Complaint are immaterial to pleading a claim under FOIA, aimed solely at impugning the reputation of the Executive and its officials. Because motions to strike under Rule 12(f) are filed prior to responding to the offending pleading, this motion accompanies an Answer for all other parts of the Complaint. Pursuant to Local Rule 7(m), undersigned counsel for Defendants contacted Plaintiff's counsel to seek Plaintiff's position on the relief requested in this motion. Plaintiff opposes.

## **BACKGROUND**

On July 25, 2025, Plaintiff sent a FOIA request to the Defendants seeking "[a]ll materials prepared or compiled by [Department] officials for Attorney General Bondi's review regarding

the [Jeffery] Epstein matter" and "[a]ll briefing materials (such as memoranda, talking points, or emails summarizing key information) prepared for Attorney General Bondi for her meetings with President Trump regarding the [Jeffery] Epstein matter, including her May 2025 meeting at the White House." Compl. ¶ 31. A second request dated July 25, 2025 was submitted seeking "[a]ll records reflecting communications (including emails, email attachments, complete email chains, calendar invitations, calendar invitation attachments, text messages or messages on messaging platforms, including Slack and Microsoft Teams, and summaries of oral communications)" of listed Department officials "regarding the [Jeffery] Epstein matter, including records reflecting correspondence between Trump and Epstein" and "[a]ll communications (including email messages, complete email chains, email attachments, calendar invitations)" sent by listed Department officials containing listed terms. *Id.* ¶ 38. A third request was submitted to FBI on July 25, 2025 requesting "[a]ll records reflecting communications (including emails, email attachments, complete email chains, calendar invitations, calendar invitation attachments, text messages or messages on messaging platforms, including Slack and Microsoft Teams, and summaries of oral communications)" of listed FBI officials "regarding the [Jeffery] Epstein matter, including records reflecting correspondence between Trump and Epstein" and "all email communications (including email messages, complete email chains, email attachments, calendar invitations)" sent by the listed FBI officials containing listed terms. *Id.* ¶ 45. A fourth request was submitted to the FBI on July 25, 2025 seeking "[a]ll directives, guidance, and instructions provided from (a) agency political appointees or other leaderships to (b) agency personnel designated to the Information Management Division to assist with Epstein-related records review between March 14, 2025 and March 30, 2025, including 'flagging' any reference to President Trump in the records", "records reflecting all staff assigned to review Epstein-related records, such as a list of

agent names; calendar entries of participants, or email including email addresses reflecting those staff", and "[a]ll records reflecting all mentions of President Trump within the Epstein-related records review that took place between March 14, 2025 and March 30, 2025." *Id.* ¶ 49. A fifth request was submitted to the Defendants seeking "[a]ll records reflecting communications (including emails, email attachments, complete email chains, calendar invitations, calendar invitation attachments, text messages or messages on messaging platforms, including Slack and Microsoft Teams, and summaries of oral communications) between or among" listed Department and FBI officials "regarding the Jeffery Epstein matter, including records reflecting correspondence between Trump and Epstein" and "[a]ll records reflecting communications (including emails, email attachments, complete email chains, calendar invitations, calendar invitation attachments, text messages or messages on messaging platforms, including Slack and Microsoft Teams, and summaries of oral communications)" between listed Department and FBI officials and "White House Press Secretary Karoline Leavitt, including any @who.eop.gov email address associated with her, regarding the Jeffery Epstein matter, including records reflecting correspondence between Trump and Epstein." *Id.* ¶ 54. A fifth request was sent to the Defendants seeking "[a]ll records reflecting all correspondence between Donald J. Trump and Jeffery Epstein." *Id.* ¶ 63. In a separate case, Plaintiff filed suit and later moved for summary judgment, requesting that this court compel expedited processing of these requests. *See* Compl., *Democracy Forward Found. v. Dep't of Just.*, Civ. A. No. 25-2597 (TSC) (D.D.C. Aug. 8, 2025), ECF Nos. 1, 4. Expedited processing of Plaintiff's requests was granted, with the exception of specified terms from two of the requests at issue. *See id.*, ECF No. 18.

## LEGAL STANDARD

"A court may strike "any redundant, immaterial, impertinent or scandalous matter." *D.C. Int'l Charter Sch. v. Lemus*, 660 F. Supp. 3d 1, 19 (D.D.C. 2023) (citing Fed. R. Civ. P. 12(f)).

Rule 12(f) is "the Court's means of enforcing Rule 8, which requires, among other things, that a pleading 'contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief' and that '[e]ach allegation . . . be simple, concise, and direct.'" *Khan v. Dep't of Homeland Sec.*, Civ. A. No. 22-2480 (TJK), 2023 WL 6215359, at *9 (D.D.C. Sept. 25, 2023). "When a trial court concludes that an initial complaint fails to satisfy Rule 8, an appropriate remedy is to strike the complaint under Rule 12(f) and to provide the plaintiff with an opportunity to file an amended complaint that complies with the Rules." *Achagzai v. Broad. Bd. of Governors*, 109 F. Supp. 3d 67, 69 (D.D.C. 2015). Although motions to strike are generally disfavored, "if allegations in a complaint are irrelevant and prejudicial to the defendant, a motion to strike will be granted." *Wiggins v. Philip Morris, Inc.*, 853 F. Supp. 457, 457 (D.D.C. 1994).

## ARGUMENT

"[A] typical [FOIA] complaint need allege only that the plaintiff filed a FOIA request, exhausted administrative remedies or waited the required period of time, and did not receive a satisfactory response from the agency." *ForestWatch v. U.S. Forest Serv.,* 775 F. Supp. 3d 353, 371 (D.D.C. 2025). Here, Plaintiff does more, alleging immaterial or impertinent facts unrelated to the Defendants' handling of Plaintiff's FOIA requests. *See* Compl. ¶ 11-29.

Plaintiff's Complaint includes nineteen paragraphs containing immaterial matter without any bearing on Defendants' responses to Plaintiff's FOIA requests. FOIA complaints are not press releases on behalf of advocacy organizations, and it prejudices Defendants to have to respond to allegations that are immaterial. "Immaterial and impertinent matter is matter that is not materially relevant to any pleaded claim for relief or defense. More specifically, immaterial allegations are those unnecessary to establish the pleader's position in the case, or those which, if established at trial, would not entitle the pleader to, or aid her to obtain, the relief demanded." *Williams v. Chu*, Civ. A. No. 07-0901 (RBW), 2010 WL 11575517, at *2 (D.D.C. Sept. 30, 2010) (cleaned up). The

materials included in paragraphs 11-29 of the Complaint are irrelevant to any pleaded claim for relief under FOIA, rendering them immaterial within the meaning of Rule 12(f). *See Jacobs v. Friedman*, No. 07-1625 (RBW), 2008 WL 11515638, at *4 (D.D.C. July 10, 2008) (cautioning that under Rule 12(f), a plaintiff shall "refrain from making sensational accusations against any of the defendants or any third parties unless the allegations are relevant to the plaintiffs' claims"). Furthermore, because expediting processing has already been granted with respect to Plaintiff's requests, paragraphs 11-29 have no bearing on the relief requested. The materials included in paragraphs 11-29 are also prejudicial to Defendants, as they serve only to cast Defendants in a negative light. Although framed as background material, collectively, paragraphs 11-29 go so far as to imply improper behavior by the Defendants. Requiring Defendants to respond to paragraphs that are irrelevant and immaterial to Plaintiff's claims causes prejudice to Defendants.

Plaintiff may argue that these paragraphs are included for reasons of establishing "public interest." But at this stage in this matter, public interest is irrelevant. Although the public-benefit analysis is an *ex-ante* inquiry, *ForestWatch*, 775 F. Supp 3d at 364, any arguments about whether the public interest outweighs the privacy interest pursuant to certain exemptions or whether there is a public interest for any attorneys' fees petition would be advanced later in litigation, after Defendants have responded to Plaintiff's requests and made determinations as to applicable FOIA exemptions. Hence, the Court should grant the motion to strike and require that Plaintiff file an Amended Complaint without the superfluous and impertinent allegations aimed at harming the Executive.

## CONCLUSION

For the above reasons, the Court should strike the immaterial or impertinent allegations of the Complaint, and order Plaintiff to re-file in accordance with the requirements of Rule 8.

Dated: January 15, 2026

Respectfully submitted,

STANLEY WOODWARD, Jr.
Associate Attorney General

SEAN GLENDENING
Director, Office of Information Policy

JEANINE FERRIS PIRRO
United States Attorney


By: _____ */s/ Kaitlin K. Eckrote* _____
    KAITLIN K. ECKROTE
    D.C. Bar #1670899
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2485

*Attorneys for the United States of America*