UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY FORWARD FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, et al.,<br><br>Defendants. | Civil Action No. 25-4270 (TSC) |

**ANSWER**

Defendants, the United States Department of Justice ("the Department") and its component the Federal Bureau of Investigation ("FBI") (collectively, "Defendants"), by and through undersigned counsel, hereby responds to Plaintiff's complaint alleging violations of the Freedom of Information Act ("FOIA") (ECF No. 1).

**RESPONSES TO NUMBERED PARAGRAPHS OF THE COMPLAINT**

Defendants deny all allegations in the Complaint, including the relief sought, except as specifically admitted in this Answer. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' responses are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendants respond to the separately numbered paragraphs and prayer for relief in the Complaint as follows.

1

The first unnumbered paragraph consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendants admit only that Plaintiff purports to bring this lawsuit pursuant to FOIA.

## Jurisdiction and Venue[1]

1.      Paragraph 1 contains conclusions of law regarding jurisdiction to which no response is required. To the extent a response is deemed required, Defendants admit that this Court has jurisdiction over this action, subject to the terms and limitations of FOIA.

2.      Paragraph 2 contains Plaintiff's conclusions of law regarding venue to which no response is required. To the extent a response is deemed required, Defendants admit that venue is proper in this district for a properly stated FOIA claim.

## Parties

3.      Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 3.

4.      The Department admits it is a federal agency subject to FOIA. The remaining allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, the Department lacks sufficient knowledge or information to form a belief about the truth of the allegations.

5.      As to the first sentence of Paragraph 5, the FBI denies that it is an agency within the meaning of 5 U.S.C. § 552(f)(1) but admits that it is a component of the Department, which is headquartered in Washington, D.C., and is subject to the requirements of FOIA. The second

---

[1]     For ease of reference, Defendants replicate the headings contained in the Compliant. Although Defendants believe that responses to the headings in the Complaint are not required, to the extent a response is deemed required and to the extent those headings or subheadings contained in the Complaint or this Answer could be construed to contain factual allegations, any such allegations are denied.

sentence of Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is deemed required, the FBI lacks sufficient knowledge or information to form a belief about the truth of the allegations.

## Facts
### The Trump Administration's Handling of the "Epstein Files"

6-10.   Paragraphs 6-10 contain Plaintiff's characterization of alleged background information not pertinent to the resolution of clams at issue in this FOIA action to which no response is required.

11-29.   Defendants respectfully refer the Court to the accompanying Motion to Strike in part, which accompanies the filing of this Answer.

### DFF's FOIA Requests

30.   Defendants admit only that Plaintiff submitted several FOIA requests to the Department and FBI. Defendants respectfully refer the Court to a copy of those requests for a complete and accurate statement of their contents and denies the allegations to the extent they are inconsistent therewith.

*DOJ Attorney General's Review Request*

31.   Paragraph 31 consists of Plaintiff's characterization of its FOIA request. The Department respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

32.   Paragraph 32 consists of Plaintiff's characterization of its FOIA request. The Department respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

33.   The Department admits that its Mail Referral Unit ("MRU") acknowledged receipt of Plaintiff's FOIA request on July 29, 2025. The Department respectfully refers the Court to a

copy of that acknowledgement for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

34. The Department admits and respectfully refers the Court to a copy of that letter for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

35. The Department denies and avers that the referred to letter was sent on July 31, 2025, and respectfully refers the Court to that letter for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

36. The Department admits that by letter dated August 7, 2025, the Office of Information Policy ("OIP") acknowledged receipt of Plaintiff's request and assigned it tracking number FOIA_2025-06131. The Department respectfully refers the Court to the August 7, 2025, letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

37. The Department admits only that, as of the date of the Complaint, it has not issued a final response to Plaintiff's FOIA request.

*DOJ Senior Leadership Communications Request*

38. Paragraph 38 consists of Plaintiff's characterization of its FOIA request. The Department respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

39. Paragraph 39 consists of Plaintiff's characterization of its FOIA request. The Department respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

40. The Department admits that the MRU acknowledged receipt of Plaintiff's FOIA request on July 29, 2025. The Department respectfully refers the Court to a copy of that acknowledgement for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

41. The Department admits and respectfully refers the Court to a copy of that acknowledgement for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

42. The Department denies and avers that the referred to letter was sent on July 31, 2025, and respectfully refers the Court to that letter for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

43. The Department admits that by letter dated August 7, 2025, OIP acknowledged receipt of Plaintiff's request and assigned it tracking number FOIA-2025-06130. The Department respectfully refers the Court to the August 7, 2025, letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

44. The Department admits only that, as of the date of the Complaint, it has not issued a final response to Plaintiff's FOA request.

*FBI Senior Leadership Communications Request*

45. The FBI admits that it received a FOIA request from Plaintiff on July 25, 2025. The FBI respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

46. The FBI admits and respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

47. The FBI admits the first sentence of Paragraph 47 and respectfully refers the Court to a copy of that email for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith. As to the remainder of Paragraph 47, the FBI denies. The FBI avers that it sent an acknowledgment letter on August 12, 2025, and an unusual circumstances letter on August 12, 2025.

48. The FBI admits only that, as of the date of the Complaint, it has not issued a final response to Plaintiff's FOIA request.

*FBI Records Review Request*

49. The FBI admits it received a FOIA request from Plaintiff on July 25, 2025. The FBI respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

50. The FBI admits and respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

51. The FBI admits and respectfully refers the Court to a copy of that email for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

52. The FBI lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 52.

53. The FBI admits only that, as of the date of the Complaint, it has not issued a final response to Plaintiff's FOIA request.

*Communications between DOJ and FBI Request (Defendants DOJ, FBI)*

54. Paragraph 54 consists of Plaintiff's characterization of its FOIA request. Defendants respectfully refer the Court to a copy of the requests for complete and accurate statements of their contents and deny the allegations to the extent they are inconsistent therewith.

55. Paragraph 55 consists of Plaintiff's characterization of its FOIA request. Defendants respectfully refer the Court to a copy of the requests for complete and accurate statements of their contents and deny the allegations to the extent they are inconsistent therewith.

56. The FBI admits and respectfully refers the Court to a copy of that email for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

57. The Department admits that MRU acknowledged receipt of Plaintiff's FOIA request on July 29, 2025. The Department respectfully refers the Court to that letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

58. The Department admits and respectfully refers the Court to a copy of that acknowledgement for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

59. The Department denies and avers that the referred to letter was sent on July 31, 2025, and respectfully refers the Court to that letter for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

60. The Department admits that by letter dated August 7, 2025, OIP acknowledged receipt of Plaintiff's request and assigned it tracking number FOIA-2025-06129. The Department respectfully refers the Court to the August 7, 2025, letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

61. The FBI denies and avers that it sent an acknowledgment letter on August 12, 2025, and respectfully refers the Court to that letter for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

62. Defendants admit only that, as of the date of the Complaint, they have not issued a final response to Plaintiff's FOIA request.

*Communications between Trump and Epstein Request (Defendants DOJ, FBI)*

63. Paragraph 63 consists of Plaintiff's characterization of its FOIA request. Defendants respectfully refer the Court to a copy of the requests for complete and accurate statements of their contents and deny the allegations to the extent they are inconsistent therewith.

64. This paragraph consists of Plaintiff's characterization of its FOIA request. Defendants respectfully refer the Court to a copy of the requests for complete and accurate statements of their contents and denies the allegations to the extent they are inconsistent therewith.

65. The Department denies and avers that it sent the acknowledgment letter on July 29, 2025, and respectfully refers the Court to that letter for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

66. The Department admits and respectfully refers the Court to that letter for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

67. The Department admits that the MRU acknowledged receipt of Plaintiff's FOIA request on July 29, 2025. The Department respectfully refers the Court to that letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

68. The Department admits by letter dated August 7, 2025, OIP acknowledged receipt of Plaintiff's request and assigned it FOIA tracking number FOIA-2025-06100. The Department

respectfully refers the Court to the August 7, 2025, letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

69. The Department's Criminal Division admits and respectfully refers the Court to that letter for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

70. The FBI denies and avers that it sent an acknowledgment letter on August 12, 2025, and respectfully refers the Court to that letter for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

71. The Department admits that it sent a letter clarifying that it does not maintain the information sought by the request and rerouted it to OIP. The Department respectfully refers the Court to that letter for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

72. Defendants admit only that, as of the date of the Complaint, they have not issued a final response to Plaintiff's FOIA request.

### Expedited Processing of DFF's FOIA Requests

73. Defendants admit.

74. Defendants admit and respectfully refers the Court to a copy of that complaint for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

75. Defendants admit and respectfully refers the Court to a copy of that motion for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

9

76. Defendants admit and respectfully refers the Court to a copy of that order for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

77. Defendants admit and respectfully refers the Court to a copy of that motion for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

78. Paragraph 78 contains Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 78.

*Exhaustion of Administrative Remedies*

79. Paragraph 79 contains statements of law to which no response is required.

80. Paragraph 80 contains conclusions of law to which no response is required. To the extent a response is deemed required, Defendants admit only that it has not issued a response to Plaintiff's FOIA request as of the date Plaintiff filed the Complaint.

## CLAIM FOR RELIEF
## Count 1 (Violation of FOIA, 5. U.S.C. § 552, Failure to Produce Nonexempt Responsive Records)

1. Defendants incorporate by reference its responses to Paragraphs 1 through 80 as if fully restated herein.[2]

2. Paragraph 2 contains conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

---

[2] Plaintiff's Complaint jumps from Paragraph 80 to Paragraphs 1 and 2. Defendants use Plaintiff's numbering for ease of reference.

10

## REQUEST FOR RELIEF

The remainder of Plaintiff's Complaint contains Plaintiff's request for relief to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested in this section, elsewhere in the Complaint, or to any relief whatsoever.

## DEFENSES

Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of the litigation.

### First Defense

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA. *See* 5 U.S.C. § 552.

### Second Defense

Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions enumerated in FOIA. 5 U.S.C. § 552(b).

### Third Defense

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

### Fourth Defense

Plaintiff is neither eligible for nor entitled to an award of attorneys' fees or costs in this action.

### Fifth Defense

Defendants' actions did not violate FOIA or any other statutory or regulatory provision.

**Seventh Defense**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendants' response to FOIA requests at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

Dated: January 15, 2026

Respectfully submitted,

STANLEY WOODWARD, Jr.
Associate Attorney General

SEAN GLENDENING
Director, Office of Information Policy

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ *Kaitlin K. Eckrote*
Kaitlin K. Eckrote
D.C. Bar #1670899
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2485

*Attorneys for the United States of America*