UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY FORWARD FOUNDATION, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, *et. al.*, <br><br> Defendants. | Civil Action No. 25-4270 (TSC) |

## JOINT STATUS REPORT

Pursuant to the Court's June 4, 2026, Minute Order, the Parties conferred and respectfully submit the following joint status report on this Freedom of Information Act ("FOIA") case:

### The Status of Plaintiff's FOIA Requests

Plaintiff sent five FOIA requests to Defendants on July 25, 2025, and one on July 28, 2025.

The first FOIA request to Defendant Department of Justice ("the Department") seeks materials prepared or compiled by DOJ officials for Attorney General Pam Bondi's review regarding the Jeffrey Epstein matter and all briefing materials prepared for Attorney General Bondi for her meetings with President Trump regarding the Epstein matter. ECF No. 1 ¶ 31. The Office of Informational Policy ("OIP") and the Federal Bureau of Investigation ("FBI") are handling this request for the Department.

The second FOIA request to DOJ seeks records reflecting communications of certain DOJ officials regarding the Epstein matter, as well as communications sent by those DOJ officials containing specific key terms. *Id.* ¶ 38. OIP and the FBI are handling this request for the Department.

1

The third FOIA request, sent to the FBI, seeks records reflecting communications of certain FBI officials regarding the Epstein matter, as well as communications sent by those FBI officials containing specific key terms. *Id.* ¶ 45.

The fourth FOIA request, also sent to the FBI, seeks directives, guidance, and instructions provided from FBI political appointees or other leadership to agency personnel designated to the Information Management Division to assist with the Epstein-related records review and records reflecting all staff assigned to review Epstein-related records, such as a list of agent names; calendar entries of participants, or email including email addresses reflecting those staff. *Id.* ¶ 49. The request also seeks records reflecting all mentions of President Trump within the Epstein-related records review. *Id.*

The fifth request seeks records reflecting communications between or among certain DOJ officials and certain FBI officials regarding the Jeffery Epstein matter. *Id.* ¶ 54. OIP and the FBI are handling this request for the Department.

On July 28, 2025, Plaintiff submitted a sixth FOIA request seeking records of correspondence between President Trump and Epstein. *Id.* ¶ 63. OIP and the FBI are handling this request for the Department.

**The Anticipated Number of Documents Responsive to Plaintiff's FOIA Request**

The FBI has identified fewer than 1,000 pages of potentially responsive documents. It will process the records at a rate of 250 pages per month and made its first interim release on June 15, 2026.[1] The FBI anticipates making additional releases on or about July 15, 2026, August 17, 2026,

---

[1]    The FBI's June 15, 2026, release was sent via FedEx overnight shipping and can be tracked using tracking number 8730 1235 0118. Plaintiff notes that as of the time of this writing, FedEx's tracking system shows that delivery is delayed due to "incorrect address" until after this JSR is due. The FBI provided a digital copy of its production on June 16.

with its final release on or about September 15, 2026. Plaintiff writes separately to object to the FBI's proposed monthly rate of processing and to respectfully request the Court set a more expedited processing and production schedule for these requests of intense public interest.

OIP has identified approximately 4,000 pages of potentially responsive documents. This number is subject to change based on further responsiveness review and manual deduplication as OIP processes these records. OIP will process the records and send out for consultation 350 pages per month.[2] OIP will issue rolling responses as consultations are completed. Plaintiff writes separately to object to OIP's proposed monthly rate of processing and to respectfully request the Court set a more expedited processing and production schedule for these requests of intense public interest.

**The Anticipated Date for Release of Documents Responsive to Plaintiff's FOIA Requests**

The parties respectfully refer the Court to the above Paragraphs.

**Whether a Motion for an *Open America* Stay is Likely in this Case**

OIP is prepared to file a motion for an *Open America* stay. OIP's proposed rate of processing reflects a good faith effort to process records in accordance with the Court's grant of expedited processing and other competing litigation, FOIA, and resource demands, which OIP can more fully present to the Court in a motion. The number of concurrent FOIA matters, litigation obligations, and the strain placed on OIP's resources constitute the kind of exceptional circumstances recognized by *Open America*, and OIP has diligently worked to process Plaintiff's FOIA requests consistent with other expedited and litigation requests. Indeed, since the granting of expedited processing, OIP has completed the expedited search, completed initial responsiveness

---

[2] "Processing" includes further responsiveness review, manual de-duplication, application of the parties' scoping agreements, and application of FOIA exemptions as applicable.

and deduplication review, and initiated further processing. OIP also provided an interim response to Plaintiff on April 13, 2026. OIP employs a first-in, first-out multitrack processing system, and there are many other requests ahead of Plaintiff's in the expedited processing track – Plaintiff essentially seeks to jump ahead of those equally meritorious requests through its proposed processing schedule.

Plaintiff notes it would oppose an *Open America* stay in this context, where: 1) the Court has ordered expedited processing and where there is a clear urgency to inform the public before Deputy Attorney General Todd Blanche's confirmation proceedings for the role of Attorney General; 2) Plaintiff has still not received a single page of responsive records nearly seven months after the Court ordered it to expedite processing, *see* 5 U.S.C. § 552 (a)(6)(C)(i) (for stay agency must be "exercising due diligence in responding to the request");[3] 3) Plaintiff proactively offered to confer regarding narrowing measures months ago, *id*. § 552 (a)(6)(B)(ii) (requester willingness to narrow considered in assessing whether there are "exceptional circumstances" warranting stay); and 4) this litigation's progress was delayed for months by Defendants' own unsuccessful motion to strike. Plaintiff fears, given the months of delay and Defendants' motion to strike, that an *Open America* stay under these circumstances would be yet another delay tactic that would prejudice the public interest.

### Whether a *Vaughn* Index Will be Required in this Case

The parties jointly propose that the issue of whether or not a *Vaughn* index will be required in this case be deferred until after document production is complete and the parties have had a chance to meet and confer.

---

[3] On April 13, 2026, OIP transmitted a letter referring Plaintiff to the Department's Epstein Library website created pursuant to the Epstein Files Transparency Act.

**A Proposed Briefing Schedule for Dispositive Motions**

The parties jointly propose that the question of whether summary judgment motions will be filed in this matter, and a proposed briefing schedule for any such motions, be deferred until after document production is complete and the parties have had an opportunity to meet and confer.

**Plaintiff's Statement**

Plaintiff writes separately to object to Defendants' proposed processing rate and to respectfully request the court order Defendant DOJ to process (via OIP) Plaintiff's requests at a rate of 1,000 pages per month and Defendant FBI to complete processing Plaintiff's requests (for which fewer than 1,000 pages remain) within 30 days. It has been nearly a year since Plaintiff submitted its Epstein FOIA requests, and more than six months since this Court ordered Defendants to expedite processing of these requests of intense public interest. And yet, to date, there has not been meaningful progress. Indeed, Plaintiff received its first document today.

Meanwhile, the public interest in the Administration's reversal regarding the disclosure of the Epstein files has only increased. *See, e.g.*, Maggie Haberman & Jonathan Swan, *Inside the White House Freakout Over the Epstein Files*, N.Y. Times Mag. (June 10, 2026), https://www.nytimes.com/2026/06/10/magazine/trump-epstein-files-white-house-vance-doj.html (major investigative reporting piecing together the reversal). And the requested records have taken on new time sensitivity now that President Trump has nominated Todd Blanche — one of the reported architects of the Administration's transparency reversal — to be Attorney General. *See* Nomination Sent to the Senate, The White House (June 8, 2026), https://www.whitehouse.gov/presidential-actions/2026/06/nomination-sent-to-the-senate-3556/; *see also* Haberman & Swan, *supra* (reporting Blanche orchestrated petitioning Federal District Courts in Florida and New York to unseal grand jury testimonies in past Epstein-related cases,

because "[i]f the courts refused to unseal them — as Blanche predicted — they could shift the blame for withholding the Epstein material away from the Trump administration and onto the judges"). The American public deserves to know whether the person nominated to be the chief law enforcement officer of the United States encouraged the Administration to reverse course on disclosure of the Epstein files out of a desire to cover-up the content within for political reasons rather than out of a desire to protect traditional law enforcement interests. Plaintiff's requested processing rate will help ensure that Defendants respond to Plaintiff's FOIA requests, and the American public can be informed, ahead of Mr. Blanche's confirmation proceedings.[4]

This type of scheduling management is well within the Court's "broad equitable authority" to manage FOIA matters. *CREW v. DOJ*, 846 F.3d 1235, 1241–42 (D.C. Cir. 2017); *see also Payne Enterprises v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) ("FOIA imposes no limits on courts' equitable powers in enforcing its terms."). Courts in this District and elsewhere regularly enter orders setting a processing rate following the submission of joint status reports containing defendants' and plaintiffs' statements or positions. *See e.g.*, Minute Order, *Burleigh v. FCC,* 25-cv-1268 (ABJ) (D.D.C. Dec. 8, 2025) ("In light of the parties' [] joint status report," ordering Defendant to complete processing and production of 900 remaining pages in 39 days); Minute Order, *Reproductive Freedom for All v. FDA*, 25-cv-03565 (ABA) (D. Md. Apr. 23, 2026) ("Upon consideration of the joint status report [], the Court hereby ORDERS that CMS complete processing and production of the remaining responsive pages by June 4, 2026"); Minute Order, *Democracy Forward Found. v. DOE*, 18-cv-1596 (APM) (D.D.C. Nov. 7, 2018) ("Having

---

[4]    Defendant FBI proposes finishing production in mid-September, after Mr. Blanche's confirmation proceedings likely will have concluded, and Defendant OIP has not even proposed a production schedule.

considered the parties' respective positions with regard to processing of records, the court orders Defendants to process potentially responsive records at a rate of 500 emails per month").

In addition, "courts have the authority to impose concrete deadlines on agencies that delay the processing of requests meriting expedition." *Electronic Privacy Info. Ctr. v. Dep't of Justice*, 416 F. Supp. 2d 30, 38–40 (D.D.C. 2006) (rejecting DOJ's argument that it was already expediting plaintiff's requests by "responding 'as soon as practicable'"); *see also ACLU v. Dep't of Defense*, 339 F. Supp. 2d 501, 503 (S.D.N.Y. 2004) (rejecting same). "[T]he phrase 'as soon as practicable,' in the context of a provision of FOIA allowing for *expedited* processing, cannot be interpreted to impose a lower burden on the agency than" "in situations involving standard FOIA requests." *Electronic Privacy*, 416 F. Supp. 2d at 39. Defendants' proposed "expedited" processing rates — 250 pages/month for the FBI and 350 pages/month for OIP — are significantly lower than the standard processing rate in this District of 500 pages per month. *See, e.g.*, *CREW v. DOJ*, 2026 WL 472589, at *13 (D.D.C. Feb. 19, 2026) (citing examples).

Moreover, Chief Judge Boasberg recently ordered Defendant FBI to produce at least 350 pages per month in response to FOIA requests which are *not* subject to expedited processing. *Compare* Minute Order, *Am. Oversight v. DOJ*, 1:25-cv-03200-JEB (May 15, 2026) (following joint status report, ordering "FBI shall produce at least 350 pages per month"), *with* Mem. Op. at 6, *Am. Oversight v. DOJ*, 1:25-cv-03200-JEB (Apr. 3, 2026), ECF No. 23 (noting plaintiff "never sought expedited processing in its Complaint"). "[T]o avoid absurd results," whereby "the phrase 'as soon as practicable'" for expedited processing, is "interpreted to impose a lower burden on the agency than" "in situations involving standard FOIA requests," *Electronic Privacy*, 416 F. Supp. 2d at 39, Plaintiff respectfully submits that Defendants' *sub-standard* processing rate should not be accepted here. This is especially true where OIP is not even

committing in this joint status report to actually begin monthly production of records, but instead states its processing may result in indeterminate "consultations." Despite only identifying 4,000 pages of records (before even conducting de-duplication and responsiveness review, which will likely lower that total), OIP has not produced a single document to Plaintiff after being ordered to expedite processing nearly seven months ago. *See* 5 U.S.C. § 552(a)(4)(A)(viii)(II)(bb) (implicit acknowledgment in the FOIA statute that requests resulting in under 5,000 pages are not particularly burdensome).

Finally, courts in this District have routinely ordered Defendants to process requests at rates equal to — and even well in excess of — the monthly rate that Plaintiff is seeking for its FOIA requests of intense public interest for which expedited processing has already been ordered. *See, e.g.*, *Clemente v. FBI*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014) (ordering the FBI to process 5,000 pages per month); *Seavey v. DOJ*, 266 F. Supp. 3d 241, 248 (D.D.C. 2017) (ordering the FBI to process 2,850 pages per month); Order, *Finders Keepers USA LLC v. DOJ*, 1:22-cv-00009-APM (D.D.C. Apr. 18, 2022), ECF No. 15 (ordering FBI to process 1,000 pages per month).

Plaintiff is available for a status conference to discuss the issues in this matter if that is of assistance to the Court. Plaintiff will file a proposed order.

**Defendants' Statement:**

In this filing, Plaintiff unnecessarily has advanced a variety of substantive arguments. Defendants, however, does not understand the purpose of a joint status report to be to litigate matters; rather, a joint status report should concisely update the Court on the status of a case and alert the Court to matters that may require more complete exploration by the parties or the Court later in the proceedings, and a joint status report can precipitate a schedule for such further proceedings that the Court deems appropriate. Defendants' portions of this

8

joint status report are prepared with these principles in mind. Defendants' declination to engage herein with particular assertions by Plaintiff should not be construed as conceding their validity. To the extent that the Court wishes for the parties to engage on the various points that Plaintiff has advanced herein, Defendants will do so in an appropriate manner pursuant to a schedule that the Court sets, and will not further burden this report or the Court at this time with such discussions before the Court has indicated that they are warranted. And, should the Court be inclined to consider Plaintiff's request for relief at this time, the Court should treat the request as a motion per FRCP 7(b)(1) and afford Defendants the opportunity to respond within the period set forth in Local Rule 7 before deciding the issue.[5]

## Other Pertinent Issues

Defendants propose that the parties be ordered to file a further Joint Status Report on or before September 16, 2026, and every ninety days after, until production is complete, at which case the parties will propose a schedule for summary judgment briefing if necessary.

Plaintiff proposes that the parties be ordered to file a further Joint Status Report on or before July 16, 2026, and every thirty days after, until production is complete, at which case the parties will propose a schedule for summary judgment briefing if necessary. Plaintiff respectfully submits the shorter JSR interval is necessary in light of the lack of meaningful progress to date in this case involving expedited requests of great public interest.

---

[5] Defendants reject Plaintiff's editorial leap on page 8 saying that the FOIA statute says that requests resulting in under 5,000 pages are not particularly burdensome. The cited provision has to do with fees and nothing to do with defining "burden."

Dated: June 16, 2026

Respectfully submitted,

/s/ Amy C. Vickery
Amy C. Vickery
(admitted pro hac vice)*
Daniel A. McGrath
(D.C. Bar No. 1531723)
Robin F. Thurston
(D.C. Bar No. 7268942)
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
avickery@democracyforward.org
dmcgrath@democracyforward.org
rthurston@democracyforward.org

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ Kaitlin K. Eckrote
KAITLIN K. ECKROTE
D.C. Bar #1670899
Assistant United States Attorney
601 D Street NW
Washington, D.C. 20530
(202) 252-2485
Kaitlin.eckrote@usdoj.gov

*Attorneys for the United States of America*

*Not admitted to practice law in the District of Columbia; practicing under the supervision of Democracy Forward lawyers who are members of the DC Bar.*

*Counsel for Plaintiff*

10

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMOCRACY FORWARD
FOUNDATION,

        Plaintiff,

    v.

U.S. DEPARTMENT OF JUSTICE, *et. al.*,

        Defendants.

Civil Action No. 25-3185 (TSC)

## [DEFENDANTS' PROPOSED] ORDER

UPON CONSIDERATION of the parties' Joint Status Report, it is hereby

ORDERED the parties shall file their next Joint Status Report on September 16, 2026, and every ninety days after, until production of documents is complete.

SO ORDERED:

_____
Dated

_____
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DEMOCRACY FORWARD FOUNDATION,

*Plaintiff*,

vs.

DEPARTMENT OF JUSTICE, et al.,

*Defendants*.

Case No. 25-cv-4270-TSC

## [PLAINTIFF'S PROPOSED] ORDER

Upon consideration of the June 16, 2026, Joint Status Report ("JSR"), it is hereby

ORDERED that Defendant Federal Bureau of Investigation ("FBI") shall by July 16, 2026, complete processing of Plaintiff Democracy Forward Foundation ("DFF")'s records requests and release non-exempt portions of the responsive records to Plaintiff.

ORDERED that Defendant Department of Justice ("DOJ") shall process, via its Office of Informational Policy ("OIP"), at least 1,000 pages per month and shall make releases of non-exempt material every thirty days, beginning on July 16, 2026.

ORDERED that the Parties shall file their next Joint Status Report on July 16, 2026, and every thirty days thereafter, until production of documents is complete.

**SO ORDERED.**

_____
Tanya S. Chutkan
United States District Judge