UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMOCRACY FORWARD
FOUNDATION,

        Plaintiff,

    v.

U.S. DEPARTMENT OF JUSTICE, *et. al.*,

        Defendants.

Civil Action No. 25-4270 (TSC)

**JOINT STATUS REPORT**

Pursuant to the Court's June 17, 2026, Minute Order, the Parties conferred and respectfully submit the following joint status report on this Freedom of Information Act ("FOIA") case. The Parties include separate statements concerning the July 17, 2026, response issued by the Department of Justice ("DOJ" or "the Department")'s Office of Information Policy ("OIP").

Plaintiff sent five FOIA requests to Defendants on July 25, 2025, and one on July 28, 2025.

The first FOIA request to Defendant DOJ seeks materials prepared or compiled by DOJ officials for Attorney General Pam Bondi's review regarding the Jeffrey Epstein matter and all briefing materials prepared for Attorney General Bondi for her meetings with President Trump regarding the Epstein matter. ECF No. 1 ¶ 31. OIP and the Federal Bureau of Investigation ("FBI") are handling this request for the Department.

The second FOIA request to DOJ seeks records reflecting communications of certain DOJ officials regarding the Epstein matter, as well as communications sent by those DOJ officials containing specific key terms. *Id.* ¶ 38. OIP and the FBI are handling this request for the Department.

The third FOIA request, sent to the FBI, seeks records reflecting communications of certain FBI officials regarding the Epstein matter, as well as communications sent by those FBI officials containing specific key terms. *Id.* ¶ 45.

The fourth FOIA request, also sent to the FBI, seeks directives, guidance, and instructions provided from FBI political appointees or other leadership to agency personnel designated to the Information Management Division to assist with the Epstein-related records review and records reflecting all staff assigned to review Epstein-related records, such as a list of agent names; calendar entries of participants, or email including email addresses reflecting those staff. *Id.* ¶ 49. The request also seeks records reflecting all mentions of President Trump within the Epstein-related records review. *Id.*

The fifth request seeks records reflecting communications between or among certain DOJ officials and certain FBI officials regarding the Jeffery Epstein matter. *Id.* ¶ 54. OIP and the FBI are handling this request for the Department.

The sixth FOIA request seeks records of correspondence between President Trump and Epstein. *Id.* ¶ 63. OIP and the FBI are handling this request for the Department.

**The FBI:**

The FBI identified fewer than 1,000 pages of potentially responsive documents. It made its first interim release on June 15, 2026, consisting of 259 pages reviewed and 69 pages released, and its second and final interim release on Friday, July 17, 2026, consisting of 569 pages reviewed and 266 pages released. 82 pages remain out for consultation with other government agencies and the segregable, non-exempt portions will be produced to Plaintiff upon their return.

**OIP:**

As previously reported, OIP identified approximately 4,000 pages of potentially responsive documents. OIP is processing 750 pages per month pursuant to the Court's Order and sending pages for consultation with other Department components and Executive Branch entities as necessary. Pursuant to the Court's Order, OIP issued an interim response on July 17, 2026, as to part 1 of Plaintiff's first FOIA request, parts 1 and 2 of Plaintiff's second FOIA request, and part 1 of Plaintiff's fifth FOIA request, informing Plaintiff that OIP processed[1] 832 pages of records and that 268 pages are pending consultation with other Department components, an additional 188 pages are entirely duplicative of the 268 pages pending consultation, an additional four pages were not responsive to Plaintiff's FOIA requests, and that the remaining 372 pages are available online in the Department's Epstein Library.

**Defendant's Statement Regarding OIP's Processing:**

In its July 17, 2026, response letter, OIP characterized its processing of the material as "initial processing." While OIP's own processing of these pages is complete, pursuant to the Department's FOIA regulations (*see* 28 C.F.R. § 16.4(d)), OIP must consult with other Department components with equities in the records before issuing a response on these records. On July 15, 2026, OIP sent the processed records on consultation to eight Department components, requesting their response by August 12, 2026. OIP has also informed Plaintiff, via counsel, that it will issue rolling responses on the pages currently pending consultation as the consultation process is completed. Also on July 17, 2026, OIP issued a final response as to part 2 of Plaintiff's fifth FOIA request, informing Plaintiff that no records responsive to that part of the request were located.

---

[1] As stated in the parties' June 16, 2026, status report, ECF No. 19, "'processing'" includes further responsiveness review, manual de-duplication, application of the parties' scoping agreements, and application of FOIA exemptions as applicable."

Pursuant to the Court's Order, OIP will process at least 750 pages and issue another response to Plaintiff on August 17, 2026.

On July 20, 2026, Plaintiff raised concerns with OIP about its response, which OIP is reviewing. Below, Plaintiff wrongly asserts that the Court's June 17, 2026, Minute Order compels production by a date certain; the Court's Order speaks only of processing. *See* July 17, 2026, Minute Order ("The Department of Justice, through the Office of Information Policy ("OIP"), is hereby ORDERED to process at least 750 pages by 7/17/2026, and to process at least 750 pages every 30 days thereafter."). OIP fully complied with the Court's order when it completed its processing of 832 pages and, consistent with Department FOIA regulations, sent that material for consultation with other Department component equity holders for their review and input. Plaintiff's position that processing and production represent synonymous terms is inapposite with common FOIA parlance in this District, and with this Court's past orders recognizing that processing and production or release hold distinct meanings. *See, e.g.*, Minute Order, *Am. Oversight v. U.S. Dep't of Justice*, Civ. A. No. 25-4208 (TSC) (D.D.C. July 11, 2026) (ordering defendant to "process 425 pages of responsive records per month *and make releases* by the last business day of each month") (emphasis added); Minute Order, *U.S. Right to Know v. NIH*, Civ. A. No. 21-2936 (TSC) (D.D.C. Aug. 11, 2023) (ordering defendant "to process *and produce* at least 500 pages per month") (emphasis added); Minute Order, *Judicial Watch v. Dep't of State*, Civ. A. No. 15-1817 (TSC) (D.D.C. Jan. 8, 2016) (ordering defendant to "process *and produce* all responsive documents to Plaintiff on or before February 24, 2016") (emphasis added).

Plaintiff speculates that Defendants are using consultations as a way to "send responsive records around to its own components indefinitely without ever producing information to the public." But it is well understood and recognized by the FOIA statute that interagency

consultations will likely have the effect of delaying a final response. Indeed, Congress expressly allowed for this situation in the original FOIA statute by recognizing it in one of three statutory circumstances for which agencies can extend the time to respond. 5 U.S.C § 552(a)(6)(B)(iii)(III). Under the Department's regulations, "[w]hen records originated with the component processing the request, but contain within them information of interest to another component, agency, or other Federal Government office, the component processing the request should typically consult with that other component or agency prior to making a release determination." 28 C.F.R. § 16.4(d)(1); *see also ACLU of Mass., Inc. v. CIA*, Civ. A. No. 22-11532, 2023 WL 3394485, at *7 (D. Mass. May 11, 2023) ("FOIA explicitly envisions consultation with non-party agencies."). The regulations do not specify a deadline by which an agency must finish a consult, nor does the statute. Plaintiff's statement below that "OIP's statutory citation, 5 U.S.C § 552(a)(6)(B)(iii)(III), similarly undercuts its position" and that the FOIA contemplates that the need for consultation may justify an extension of ten working days is not a complete, and resultingly inaccurate, recitation of the statute. The full reading of the statute contradicts the alleged 10-day extension limitation posited by Plaintiff by explicitly providing the requirements for extending beyond ten working days. *See* § 552(a)(6)(B)(i)-(ii) (p). OIP complied with the requirements of § 552(a)(6)(B)(i) and (ii) in its acknowledgment letters providing the relevant notice. As the Court and Plaintiff are aware, the remedy for taking more than the additional ten working days is judicial review.

#### Plaintiff's Statement Regarding OIP's Processing:

Plaintiff writes separately because DOJ OIP's first interim "response" letter neither produced any records, nor did it withhold any records under claim of exemption. Instead, it informed Plaintiff that DOJ OIP has completed "the *initial* processing" of 832 pages, with every page not already posted to the Department's Epstein Library circulated to "other Department

5

components" for "consultations." Plaintiff thus respectfully requests the Court clarify that its Order that "the Department of Justice" "process" records runs to *all* agency components and requires the Department to issue monthly determinations to produce, deem nonresponsive, or withhold records.[2]

*First*, on June 17, 2026, this Court ordered "[t]he Department of Justice, through the Office of Information Policy ("OIP"), . . . to process at least 750 pages by 7/17/2026, and to process at least 750 pages every 30 days thereafter." In its July 17, 2026, letter, OIP informed Plaintiff that of the 832 pages that received "initial" processing, 372 were already publicly available online[3] and the remaining 268 were in "consultations." OIP has now elaborated in its above statement that although *its* "own processing of these pages is complete," OIP has sent them "to eight Department components" for consultation and "will issue a response on these 268 pages once the consultation process is completed," without providing a timeline for such response. This Court expressly ordered *the Department of Justice* to process 750 pages per month. While the Court's Order acknowledged OIP's coordinating function, as the component that "manages the Department of Justice's obligations under the FOIA,"[4] Plaintiff respectfully requests the Court clarify that the June 17, 2026, processing Order requires *the Department*—and not just OIP—to fully process

---

[2] Plaintiff notes that the FBI similarly reports that "82 pages remain out for consultation," despite this Court's order that the FBI "process the fewer than 1,000 remaining pages of remaining records by 7/17/2026." Because FBI has otherwise made meaningful productions, Plaintiff does not now seek Court intervention concerning the FBI, but may do so later if the FBI does not promptly produce nonexempt portions of these remaining 82 pages.

[3] Plaintiff notes that OIP's July 17 letter informed Plaintiff that 372 pages OIP "processed" have already been made publicly available, and provided a link to https://www.justice.gov/epstein/doj-disclosures (the Department's Epstein Library homepage). OIP did not identify which of the pages on that website were the pages responsive to Plaintiff's requests. Plaintiff has asked OIP to provide that information.

[4] U.S. Dep't of Just., Office of Info. Pol'y, *About the Office of Information Policy*, https://www.justice.gov/oip/about-office.

records for production or withholding. *See, e.g.*, Minute Order, *CREW v. DOJ*, 25-cv-04426-CKK (D.D.C. Apr. 23, 2026) (following Plaintiff's request in JSR to clarify processing order, clarifying "that all components of DOJ, including components that receive records referred internally for consultation, must process records responsive to CREW's FOIA requests at issue here at a rate of at least 1,000 pages per week until further order of this Court. For example, a DOJ component that receives exactly 1,000 pages for consultation must complete the consultation within one week").

*Second*, because the Department, through OIP, has not issued a determination (either producing, deeming unresponsive, or withholding pursuant to claim of exemption) concerning these 268 pages, Plaintiff does not believe they have been "processed" for purposes of meeting the Court's processing requirement of 750 pages/month. Indeed, to count those records as "processed" would allow Defendant DOJ to send responsive records around to its own components indefinitely without ever producing information to the public—an outcome counter to the purpose of FOIA. To avoid records responsive to Plaintiff's expedited requests of intense public interest from being indefinitely delayed in "consultations," Plaintiff respectfully requests the Court also clarify its Order to make clear that "processing" a record requires determining responsiveness, determining the applicability of any exemptions, and producing all non-exempt portions, and that documents that have been sent for consultation are not fully processed. *See, e.g.*, Minute Order, *Democracy Forward Found. v. DOJ*, 25-cv-01210-AHA (Apr. 6, 2026) (following joint status report, ordering "Defendant shall process—meaning produce, deem unresponsive, or determine that an exemption applies to—records at a rate of at least 500 pages per month. To the extent Defendant needs further internal consultation to determine whether records are responsive or an exemption applies, such records shall not count toward the production rate").

The sources OIP cites only underscore why Plaintiff is seeking clarification here. OIP first cites three past orders where this Court ordered monthly processing *and production* of records to suggest that the Court purposefully ordered only processing here. But take just OIP's first cited example, *American Oversight v DOJ*, 25-4208 (TSC): the FOIA requests at issue there are subject to standard, not expedited processing; it is not clear why *actual* monthly release of records would be appropriate there, but not here (in an expedited processing case). OIP's statutory citation, 5 U.S.C § 552(a)(6)(B)(iii)(III), similarly undercuts its position. FOIA contemplates that "the need for consultation," may justify an extension of ten working days. *Id.* § 552(a)(6)(B)(i).[5] The statute certainly does not contemplate an indefinite consultation process before any records are released or withheld eight months *after* Court ordered expedited processing and one month *after* a Court ordered monthly processing rate.[6]

*In the alternative*, if the Court does not wish to so clarify its order at this time, Plaintiff respectfully requests that the Court require OIP to file a Defendants' status report by August 4, 2026 (and include in each monthly status report), information on all executive branch components or entities it is consulting, the number of pages transmitted to each consulted entity, the date(s) of transmission,[7] and any response OIP has received regarding the timeline for consultation from the

---

[5] *See also* 5 U.S.C § 552(a)(4)(A)(viii)(II)(aa) ("If an agency has determined that unusual circumstances apply (as the term is defined in paragraph (6)(B)) and the agency provided a timely written notice to the requester in accordance with paragraph (6)(B), a failure described in subclause (I) is excused for an additional 10 days.").

[6] DOJ says that it is required to conduct these consultations under 28 CFR § 16.4(d). That regulation states that other components or agencies "typically" should be consulted when they are "*better* able to determine whether the record is exempt from disclosure." Here, DOJ OIP has sent *all* non-public records to other DOJ components for consultation. That regulation makes no statement indicating that "processing" records means to simply send them to consultation with other components.

[7] Plaintiff acknowledges that OIP has stated it transmitted the 268 pages for consultation on July 15, 2026. Should the Court be inclined to order Plaintiff's alternatively requested relief, Plaintiff

consulted entities. OIP has not provided this information to Plaintiff, despite its own longstanding FOIA guidance that "[w]hen consulting with another agency to obtain its views on disclosure, agencies should" provide updates to requesters including "the identity of the entity which is being consulted."[8] U.S. Dep't of Justice, Office of Information Policy, *Referrals, Consultations, and Coordination: Procedures for Processing Records When Another Agency or Entity Has an Interest in Them,* https://www.justice.gov/oip/blog/referrals-consultations-and-coordination-procedures-processing-records-when-another-agency. Courts in this district have regularly required such information. *See* Status Report Order, *Interfaith Alliance Found. v. DOJ*, No. 25-cv-03746-LLA (May 14, 2026) (ordering DOJ to report dates on which records were sent to other components and agencies for consultation and provide an estimated timeline for production); Status Report Order, *Democracy Forward Found. v. U.S. Dep't of Educ.*, No. 25-cv-940-SLS (Feb. 13, 2026) ("for the pages remaining in external consultation, state the date the pages were sent, the agency or agencies to which they were sent, and the expected timeline for the completion of external consultation.").

Plaintiff will file a proposed order.

*    *    *

Pursuant to the Court's order, the parties will file a further Joint Status Report on or before August 20, 2026, and every thirty days after, until production is complete, at which case the parties will propose a schedule for summary judgment briefing if necessary.

Dated: July 21, 2026                          Respectfully submitted,

/s/ Amy C. Vickery                            JEANINE FERRIS PIRRO
 Amy C. Vickery                               United States Attorney
 (admitted pro hac vice)*

---

asks that the Court require OIP to continue providing the transmittal dates for subsequently initiated consultations in the monthly status reports going forward.

[8] OIP provides that the exception to this guidance is where disclosure of the mere fact of the consulted entity would reveal protected national security information or the identity of the target of a law enforcement investigation.

9

Daniel A. McGrath
D.C. Bar #1531723
Robin F. Thurston
D.C. Bar #7268942
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
avickery@democracyforward.org
dmcgrath@democracyforward.org
rthurston@democracyforward.org

*Not admitted to practice law in the
District of Columbia; practicing under
the supervision of Democracy Forward
lawyers who are members of the DC Bar.*

*Counsel for Plaintiff*

By: /s/ *Kaitlin K. Eckrote*
  KAITLIN K. ECKROTE
  D.C. Bar #1670899
  Assistant United States Attorney
  601 D Street NW
  Washington, D.C. 20530
  (202) 252-2485
  Kaitlin.eckrote@usdoj.gov

*Attorneys for the United States of America*