UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY FORWARD FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, *et. al.*,<br><br>Defendants. | Civil Action No. 25-4270 (TSC) |

**JOINT STATUS REPORT**

Pursuant to the Court's June 17, 2026, Minute Order, the Parties conferred and respectfully submit the following joint status report on this Freedom of Information Act ("FOIA") case:

Plaintiff sent five FOIA requests to Defendants on July 25, 2025, and one on July 28, 2025.

The first FOIA request to Defendant Department of Justice ("the Department") seeks materials prepared or compiled by DOJ officials for Attorney General Pam Bondi's review regarding the Jeffrey Epstein matter and all briefing materials prepared for Attorney General Bondi for her meetings with President Trump regarding the Epstein matter. ECF No. 1 ¶ 31. The Office of Informational Policy ("OIP") and the Federal Bureau of Investigation ("FBI") are handling this request for the Department.

The second FOIA request to DOJ seeks records reflecting communications of certain DOJ officials regarding the Epstein matter, as well as communications sent by those DOJ officials containing specific key terms. *Id.* ¶ 38. OIP and the FBI are handling this request for the Department.

The third FOIA request, sent to the FBI, seeks records reflecting communications of certain FBI officials regarding the Epstein matter, as well as communications sent by those FBI officials containing specific key terms. *Id.* ¶ 45.

The fourth FOIA request, also sent to the FBI, seeks directives, guidance, and instructions provided from FBI political appointees or other leadership to agency personnel designated to the Information Management Division to assist with the Epstein-related records review and records reflecting all staff assigned to review Epstein-related records, such as a list of agent names; calendar entries of participants, or email including email addresses reflecting those staff. *Id.* ¶ 49. The request also seeks records reflecting all mentions of President Trump within the Epstein-related records review. *Id.*

The fifth request seeks records reflecting communications between or among certain DOJ officials and certain FBI officials regarding the Jeffrey Epstein matter. *Id.* ¶ 54. OIP and the FBI are handling this request for the Department.

The sixth FOIA request seeks records of correspondence between President Trump and Epstein. *Id.* ¶ 63. OIP and the FBI are handling this request for the Department.

**<u>The FBI:</u>**

As previously reported, the FBI identified fewer than 1,000 pages of potentially responsive documents. It made its first interim release on June 15, 2026, consisting of 259 pages reviewed and 69 pages released, and its second and final interim release on July 17, 2026, consisting of 569 pages reviewed and 266 pages released. All consulted pages have been returned from other government agencies, and the FBI anticipates releasing the segregable, non-exempt portions to Plaintiff on or about August 31, 2026. Additionally, the FBI received a 441-page direct referral

from OIP. The FBI also anticipates releasing the segregable, non-exempt portions of this referral to Plaintiff on or about August 31, 2026.

Plaintiff notes that "All consulted pages" refers to 82 pages that the Plaintiff believes FBI should have finished processing by June 17, 2026, but still has not. *See* June 17, 2026 Minute Order (ordering the FBI to process the fewer than 1,000 remaining pages by 7/17/2026); *see also* July 21, 2026, JSR n.2 (noting the FBI did not finish processing 82 pages, citing consultations). Plaintiff is not aware of any authority that consultation exempts an agency from a Court-ordered production deadline, especially where the Court has expressly clarified "[i]f a record is still undergoing interagency consultation, that record has not been processed within the meaning of the Order." July 22, 2026 Minute Order. Although Plaintiff is concerned that FBI's failure to process those records does not comport with the Court's processing order, because the FBI states above that it anticipates issuing a response by August 31, 2026, for the outstanding 82 pages, as well as for the 441 pages recently referred to it by OIP, Plaintiff does not now seek further Court intervention. Plaintiff may do so later if the FBI does not meet its stated timelines.

**OIP:**

As previously reported, OIP identified approximately 4,000 pages of potentially responsive documents. Pursuant to the Court's July 22, 2026, Minute Order, OIP is processing 750 pages per month. On July 17, 2026, OIP issued a final response as to part 2 of Plaintiff's fifth FOIA request, informing Plaintiff that no records responsive to that request were located. OIP issued an interim response on August 17, 2026, as to Part 1 of Plaintiff's first FOIA request, Parts 1 and 2 of Plaintiff's second FOIA request, and Part 1 of Plaintiff's fifth FOIA request, informing Plaintiff that OIP processed 1,479 pages of records: 302 pages were appropriate for release with certain information withheld, 52 were being withheld in full, an additional 349 are entirely duplicative of

the aforementioned 354 pages, an additional four pages were not responsive to Plaintiff's FOIA request, and the remaining 772 pages are available online in the Department's Epstein Library. OIP also informed Plaintiff that it referred 441 pages to FBI for processing and direct response and did not count these pages in OIP's processing total. Pursuant to the Court's Order, OIP will issue another response to Plaintiff on September 16, 2026. Plaintiff notes that for pages OIP has represented are available online in the Department's Epstein Library, Plaintiff has requested that OIP share how many of those pages are redacted (either in whole or in part).

Pursuant to the Court's order, the parties will file a further Joint Status Report on or before September 21, 2026, and every thirty days after, until production is complete, at which case the parties will propose a schedule for summary judgment briefing if necessary.

Dated: August 20, 2026

/s/ Amy C. Vickery
Amy C. Vickery
(admitted pro hac vice)*
Daniel A. McGrath
D.C. Bar #1531723
Robin F. Thurston
D.C. Bar #7268942
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
avickery@democracyforward.org
dmcgrath@democracyforward.org
rthurston@democracyforward.org

**Not admitted to practice law in the District of Columbia; practicing under the supervision of Democracy Forward lawyers who are members of the DC Bar.*

*Counsel for Plaintiff*

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ Kaitlin K. Eckrote
KAITLIN K. ECKROTE
D.C. Bar #1670899
Assistant United States Attorney
601 D Street NW
Washington, D.C. 20530
(202) 252-2485
Kaitlin.eckrote@usdoj.gov

*Attorneys for the United States of America*